NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PREPARED FOODS PHOTO, INC. f/k/a ADLIFE MARKETING & COMMUNICATIONS CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> LA STRADA RESTAURANT, INC. d/b/a LA STRADA NUOVA RISTORANTE <br><br> Defendant. | No. 24cv28 (EP) (AME) <br><br> **OPINION** |

**PADIN, District Judge.**

In this copyright infringement dispute, Plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Prepared Food Photos") moves for default judgment against Defendant La Strada Restaurant, Inc. d/b/a La Strada Nuova Ristorante ("La Strada Restaurant") pursuant to Fed. R. Civ. P. 55(b)(2). D.E. 8 ("Mot."). The Court decides the motion without oral argument. *See* Fed. R. Civ. P. 78(b); L.Civ.R.78(b). For the reasons set forth below, the Court will **GRANT** Plaintiff's Motion.

I.      BACKGROUND[1]

Plaintiff Prepared Food Photos licenses high-end food photos. Compl. ¶ 6. It owns each of the photos available for license on its website and serves as the licensing agent with respect to licensing its photos for limited use by its customers. *Id.* ¶ 10. Its business model is subscription-

---

[1] Following the entry of default judgment, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). Therefore, the facts are based on well-pled allegations in Plaintiff's Complaint. D.E. 1 ("Complaint" or "Compl.").

based: charging a $999 minimum monthly fee for access to its photo-library.  *Id.* ¶¶ 8-9.  Plaintiff's standard licensing terms include a limited, non-transferable license for use of any photo by the customer only, and state that all copyright ownership remains with Plaintiff and its customers are precluded from transferring, assigning, or sub-licensing any photos to another person or entity.  *Id.* ¶ 10.  The terms also require a minimum twelve (12) month licensing commitment.  Declaration of Rebecca Jones ("Jones Decl.") ¶ 5.[2]

The current action concerns one photo titled "ChickenParmesan011" (the "Photo"), which is owned by Plaintiff.  Compl. ¶¶ 11, 13.  Plaintiff registered the Photo with the Register of Copyrights on September 20, 2016 and it was assigned Registration No. VA-2-017-471.  *Id.* ¶ 12.



Defendant La Strada Restaurant is an Italian restaurant operating in Millburn, New Jersey.  *Id.* ¶ 2, 14.  Defendant advertises and markets its business primarily through its commercial website, social media, and other forms of advertising.  *Id.* ¶ 15.  On at least one occasion, in June 2023—after Plaintiff registered the Photo—Defendant displayed and/or published the Photo on its website.  *Id.* ¶ 16; Ex. B to *id.*  According to Plaintiff, Defendant is not and has never been licensed to use or display the Photo, nor has Defendant ever contacted Plaintiff to seek permission to use

---

[2] Jones is Plaintiff's Secretary.  *Id.* ¶ 2.

2

the Photo. *Id.* ¶ 18. Defendant located a copy of the Photo on the internet and, rather than contact Plaintiff to secure a license, simply copied the Photo for its own commercial use. *Id.* ¶ 20.

To ensure exclusivity to Plaintiff's licensees, Plaintiff employs multiple full-time employees to locate and identify nonauthorized uses. Jones Decl. ¶ 9. Plaintiff first discovered Defendant's unauthorized use and display of the Photo in January 2023. Compl. ¶ 21. Following Plaintiff's discovery of Defendant's alleged infringement, Plaintiff, through counsel, sent, via e-mail and Federal Express, an initial infringement notice to Defendant to notify it of the impermissible use. Jones Decl. ¶ 21. Defendant only responded to certain follow-ups, but blamed the prior owner of the business. *Id.*

Plaintiff filed its Complaint on January 3, 2024. Compl. Defendant was served with a copy of the Summons and Complaint on January 12, 2024. D.E. 5. Following an absence of responsive pleadings from the Defendant and an expiration of its response deadlines, Plaintiff requested a Clerk's Entry of Default against Defendant on February 9, 2024, D.E. 7, which the Clerk of Court subsequently entered on February 13, 2024. Plaintiff now moves for default judgment. *See* Mot.

## II.   LEGAL STANDARD

Courts may enter default judgment under Fed. R. Civ. P. 55(b)(2) against a properly served defendant who does not file a timely responsive pleading. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). Although cases should be decided on their merits where practicable, default judgment is "largely a matter of judicial discretion." *Id.* Courts accept the well-pleaded factual allegations in the complaint as true but "need not accept the moving party's legal conclusions or allegations relating to the amount of damages," and must "ascertain whether 'the

unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Id.* at 535-36 (internal citations omitted).

Courts must determine: "(1) whether the plaintiff produced sufficient proof of valid service and evidence of jurisdiction, (2) whether the unchallenged facts present a legitimate cause of action, and (3) whether the circumstances otherwise render the entry of default judgment 'proper.'" *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 683 (D.N.J. 2018) (quoting *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012)).

## III. ANALYSIS

### A. Jurisdiction and Service Are Proper

Plaintiff satisfies the threshold requirements for entry of default judgment. As Plaintiff brings an action under the Copyright Act, 17 U.S.C. § 101 *et seq.*, (the "Copyright Act"), This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Plaintiff's service of process on Defendant's agent and officer within New Jersey suffices for *in personam* jurisdiction. Fed. R. Civ. P. 4(k)(1)(A); N.J. Ct. R. 4:4-4(a)(1), (6). On January 22, 2024, Plaintiff submitted an Affidavit of Service of the Summons and Complaint, which included a declaration from Plaintiff's process server that on January 12, 2024 at 5:58 p.m., he personally served Kamel Yahiaoui, Defendant's "Owner" who stated "he/she was authorized to accept service" on behalf of Defendant. D.E. 5; *see* Fed. R. Civ. P. 4(e), (h). Defendant has not answered or otherwise responded to the Complaint, and the Clerk has entered default.

### B. The Uncontested Facts Present a Legitimate Cause of Action

Accepting the allegations as true, Plaintiff has stated a claim under the Copyright Act. The Copyright Act provides that "[a]nyone who violates any of the exclusive rights of the copyright

4

owner as provided by sections 106 through 122 or of the author as provided in section 106A(a) . . . is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a). To prevail on a copyright infringement action, plaintiffs must establish: "(1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work." *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002).

Plaintiff meets both elements. First, it registered the Photo pursuant to 17 U.S.C. § 411(a) with the Register of Copyrights on September 20, 2016. Compl. ¶ 12; Ex. A to *id.* This demonstrates ownership of a valid copyright. *See Masquerade Novelty, Inc. v. Unique Indus., Inc.*, 912 F.2d 663, 667 (3d Cir. 1990) ("under 17 U.S.C. § 410(c) registration certificates constitute prima facie evidence of the validity of the copyrights.").

Second, Defendant's publication of the Photo to its website, Compl. ¶ 16, constituted unauthorized copying of Plaintiff's work. "Copying refers to the act of infringing any of the exclusive rights that accrue to the owner of a valid copyright, as set forth at 17 U.S.C. § 106, 'including the rights to distribute and reproduce copyrighted material.'" *Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 207 (3d Cir. 2005) (quoting *Ford Motor Co. v. Summit Motor Prods.*, 930 F.2d 277, 291 (3d Cir. 1991)). "It may be demonstrated by showing that the defendant had access to the copyrighted work and that the original and allegedly infringing works share substantial similarities." *Id.* at 207-08. Substantial similarity is broken down into two considerations: "(1) whether the defendant copied from the plaintiff's work and (2) whether the copying, if proven, went so far as to constitute an improper appropriation." *Id.* at 208 (cleaned up). "First, the fact-finder must decide whether there is sufficient similarity between the two works in question to conclude that the alleged infringer used the copyrighted work in making his own." *Whelan Assocs., Inc. v. Jaslow Dental Lab., Inc.*, 797 F.2d 1222, 1232 (3d Cir. 1986). Here, the

Complaint provides screenshots of both the Photo itself and of Defendant's website using the Photo. Compl. ¶¶ 11, 16. The images are clearly the same.

"Second, if the answer to the first question is in the affirmative, the fact-finder must decide without the aid of expert testimony, but with the perspective of the 'lay observer,' whether the copying was 'illicit,' or 'an unlawful appropriation' of the copyrighted work." *Whelan*, 797 F.3d at 1232. This much is clear, too. The well-pled allegations of the Complaint demonstrate Defendant did not have a license to use the Photo but published it nonetheless. Compl. ¶¶ 16, 18. Plaintiff has therefore stated a valid copyright infringement action.

### C. Default Judgment is Otherwise Proper

In addition to the above factors, courts determine whether default judgment is otherwise proper by considering: "'(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default.'" *Matos*, 133 F. Supp. 3d at 686 (quoting *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008)).

The record suggests no meritorious defense. *See id.* ("Defendant has failed to proffer any defense to Plaintiff's claims, meritorious or otherwise, and the Complaint does not otherwise suggest the existence of any meritorious defense."). And "[b]ecause the Defendant did not respond, the Court cannot determine whether the Defendant had meritorious defenses that are not reflected in the record." *Coach, Inc. v. Ocean Point Gifts*, No. 09-4215, 2010 WL 2521444, at *5 (D.N.J. June 14, 2010). Moreover, Defendant's failure to appear or otherwise respond has prejudiced Plaintiff by preventing it from prosecuting its case and seeking relief. *See E.A. Sween Co., Inc. v. Deli Exp. of Tenafly, LLC*, 19 F. Supp. 3d 560, 575 (D.N.J. 2014) ("Plaintiff would suffer prejudice if default judgment were denied."). And "[a]bsent any evidence to the contrary,

6

defendant's 'failure to answer evinces [its] culpability in [the] default.'" *Hayward Indus., Inc. v. Saltwater Pool Supplies*, No. 20-6105, 2021 WL 1940711, at *11 (D.N.J. June 14, 2021) (internal quotations omitted). Here, Defendant's failure to answer suggests "willful negligen[ce]." *See id.*

The Court accepts these allegations as true and finds that Plaintiff has stated a valid cause of action under the Copyright Act. And for the foregoing reasons, Plaintiff is entitled to default judgment against it.

**D. Remedies**

Plaintiff has requested actual damages and entry of a permanent injunction against Defendant. Mot. at 17. The Court finds it appropriate to award $11,988 in actual damages and to enter a permanent injunction against Defendant.

*1. Actual Damages*

A "copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement." 17 U.S.C. § 504(b). Actual damages "are usually determined by the loss in the fair market value of the copyright, measured by the profits lost due to the infringement or by the value of the use of the copyrighted work to the infringer." *Leonard v. Stemtech Int'l Inc.*, 834 F.3d 376, 390 (3d Cir. 2016) (cleaned up). "One method involves calculating the fair market value of the licensing fees 'the owner was entitled to charge for such use.'" *Id.* (quoting *On Davis v. The Gap, Inc.*, 246 F.3d 152, 165 (2d Cir. 2001)).

The screenshot of Defendant's website shows that the Photo was published by Defendant at least as of June 12, 2023. Ex. B. to Compl. Defendant's failure to participate in this action has purportedly limited Plaintiff's ability to conduct discovery to fully discover the extent of Defendant's infringement and/or the exact date on which the Photo was uploaded. Mot. at 12. As such, Plaintiff used the Wayback Machine (http://web.archive.org/), a digital archive of the World Wide Web, to aid in its search. *Id*. Plaintiff avers that the Photo was uploaded at least as early as

7

June 13, 2016 based on the source code for the webpage on which the Photo was displayed.  *Id.* at 12-13.  It asks the Court to take judicial notice of the Wayback Machine's captures/screenshots of websites.  *Id.* at 12.  Plaintiff maintains that the Photo was published as of June 13, 2016 and remained published through at least June 12, 2023.  *Id.* at 13.

Courts have taken judicial notice of the Internet Archive.  *See, e.g.*, *Pond Guy, Inc. v. Aquascape Designs, Inc.*, No. 13-13229, 2014 WL 2863871, at *4 (E.D. Mich. June 24, 2014).  However, given the Wayback Machine did not archive the pinpoint URL of the Photo, Mot. at 13, the Court will not take judicial notice of the historical presence as represented by Plaintiff.[3]



The Court need only take the factual allegations of the *complaint* as true following the entry of a default judgment.  *Comdyne I*, 908 F.2d at 1149.  Accordingly, the Court will rely on the screenshot date of June 12, 2023.  Ex. B to Compl.  On this basis, for each year that Defendant published the Photo, Plaintiff would be owed an annual license fee of $11,988, assuming the minimum $999 per month licensing fee.

This Court has found the $11,988 single-year licensing fee to be a "useful proxy" for estimating Plaintiff's actual damages.  *See Prepared Food Photos, Inc. v. David & Sons Meats*

---

[3] The Court notes that two URLs were captured for the URL prefix of the pinpoint URL.

*LLC*, No. 23-1781, 2024 WL 912454, at *5 (D.N.J. Mar. 4, 2024). This Court relied on a similar case involving the Plaintiff, which utilized the following analysis:

> Here, Plaintiff provides access to its library at a price $999.00 per month with a minimum twelve-month contract commitment, meaning, a licensee must pay $11,988 for access to any of Plaintiff's photographs for any amount of time within a one-year period. Plaintiff has numerous clients who pay this annual subscription fee. While that demonstrates that licensors have indeed licensed its library on an annual basis for $11,988, it is unclear whether any licensor has paid that amount to utilize a single photograph in the library. Nevertheless, I find $11,988 to be a useful proxy given the below-described difficulties in calculating with precision Plaintiff's actual damages.

*Id.* (quoting *Prepared Foods Photos, Inc. v. Patriot Fine Foods LLC*, No. 21-82129, 2022 U.S. Dist. LEXIS 205649, at *10 (S.D. Fla. Mar. 22, 2022)); *see also id.* (collecting cases adopting preceding analysis).

Plaintiff agrees that the annual license payment of $11,988 is the most accurate beginning measure of actual damages based on the facts available. Mot. at 13. Due to Defendant's own inaction and refusal to participate in this lawsuit, Plaintiff—and in turn, the Court—lacks the information necessary to fully calculate actual damages. While the Court has a reference point of when the Photo was published on Defendant's website, it does not know for certain how early the Photo was published or when it was taken down.[4] In light of the foregoing analysis for calculating damage amounts in similar cases involving Plaintiff, the Court calculates Plaintiff's actual damages to be $11,988.

---

[4] It is for this reason that the Court need not address Plaintiff's 3-year lookback damages argument. *See* Mot. at 13.

9

*2. Permanent Injunction*

Plaintiff also requests a permanent injunction, barring Defendant from infringing on its copyrights. Mot. at 17. "Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). "[A] plaintiff seeking a permanent injunction must demonstrate: (1) whether the moving party has shown actual success on the merits; (2) whether denial of injunctive relief will result in irreparable harm to the moving party; (3) whether granting of the permanent injunction will result in even greater harm to the defendant; and (4) whether the injunction serves the public interest." *Prepared Food Photos*, 2024 WL 912454, at *7 (citing *Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001)).

Here, the Court finds that permanent injunctive relief is warranted.[5] First, Plaintiff has shown success on the merits of its copyright infringement claim. Second, as demonstrated by Plaintiff's well-pled facts of the Complaint and Defendant's failure to appear in this action, Defendant's conduct has caused irreparable harm to Plaintiff. It is true that "irreparable harm can no longer be presumed based on continued infringement and a likelihood of success on the merits." *TD Bank N.A. v. Hill*, 928 F.3d 259, 280 (3d Cir. 2019). "[A] 'substantial likelihood' of continuing infringement is necessary to obtain permanent injunctive relief." *Id.* (internal citation omitted). Plaintiff's claim that "any continued infringing conduct will continue to cause irreparable injury to Plaintiff," Mot. at 16, is credible given Defendant's default. *See Strike 3 Holdings, LLC v. Doe*,

---

[5] "Injunctive relief under § 502(a) is regularly granted in conjunction with damages in copyright infringement actions." *Prepared Food Photos*, 2024 WL 912454, at *7 n.3 (citing *Arista Recs., LLC v. Callie*, No. 07-712, 2007 WL 1746252, at *2 (D.N.J. June 15, 2007); *TD Bank N.A. v. Hill*, 928 F.3d 259, 283 (3d Cir. 2019)).

No. 21-15681, 2022 WL 16744122, at *4 (D.N.J. Nov. 7, 2022). "Irreparable harm has been found where, as here, the defendant failed to respond to plaintiff's claims and where the plaintiff was unable to ascertain the amount of past damages and continuing infringements." *Id.* The third factor also favors injunctive relief. The only harm imposed on Defendant is that it refrains from infringing on Plaintiff's copyrights. And it is "reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). "Lastly, enforcing valid copyrights against infringing parties by injunction is squarely in the public interest, as doing so helps to deter further infringement." *Prepared Food Photos*, 2024 WL 912454, at *7. Because all four factors weigh in Plaintiff's favor, the Court will grant a permanent injunction against Defendant.

IV.   **CONCLUSION**

For the above reasons, the Court will **GRANT** Plaintiff's Motion, D.E. 8. Plaintiff has shown $11,988 in actual damages. Additionally, Defendant will be permanently enjoined from the unauthorized use of any of Plaintiff's copyrighted materials, including, but not limited to, the Photo. An appropriate Order follows.

Dated: June 25, 2024

Evelyn Padin, U.S.D.J.